DA 11-0074

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 173N

IN RE THE MARRIAGE OF:
JILL M. LUNDSTROM,

        Petitioner and Appellee,

   and

DIETER SCHOLZ,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DR 06-25
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Quentin M. Rhoades, Robert Erickson; Sullivan, Tabaracci &
        Rhoades, P.C.; Missoula, Montana

    For Appellee:

        Timothy G. Goen; Attorney at Law; Thompson Falls, Montana

Submitted on Briefs:  June 15, 2011

Decided:  July 19, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      After eighteen months of marriage, the parties in this case have spent the last five years in proceedings for dissolution. This is the fourth time the matter has been before this Court on appeal. *See In re Marriage of Lundstrom*, 2007 MT 304, 340 Mont. 83, 172 P.3d 588 (*Lundstrom I*); *In re Marriage of Lundstrom*, 2009 MT 400, 353 Mont. 436, 221 P.3d 1178 (*Lundstrom II*); *In re Marriage of Lundstrom*, 2010 MT 261, 358 Mont. 318, 245 P.3d 25 (*Lundstrom III*). In *Lundstrom III*, we remanded the case to the District Court to clarify its findings of fact and conclusions of law to justify relieving Petitioner Jill M. Lundstrom (Lundstrom) of her obligation to pay a promissory note to Respondent Dieter Scholz (Scholz), or to make other modifications it deemed necessary to ensure an equitable division of the marital estate. *Lundstrom III*, ¶ 28. The District Court on remand issued a two-page order setting forth its rationale and reaffirming that its March 26, 2010, decree of dissolution remains in full force and effect. Scholz timely appealed.

¶3      We consider on appeal whether the District Court abused its discretion in extinguishing Lundstrom's debt to Scholz under the promissory note.

2

¶4 As the facts and procedural history have been recounted extensively in our prior opinions, we set forth only those facts relevant to the issue now before us.

¶5 Prior to the parties' September 2004 marriage, Lundstrom acquired two parcels of property from Scholz—a 77-acre parcel of land she purchased in a like-kind exchange, using the proceeds of the sale of her California property, and a seven-acre parcel that included the parties' residence. Lundstrom paid $565,000 for the 77-acre parcel, $322,643.33 of which was paid in cash, with the balance financed by a $242,356.67 promissory note signed by Lundstrom in favor of Scholz. The parcel also was encumbered by another mortgage in the amount of $90,000, for which Lundstrom assumed responsibility. She paid $325,000 for the seven acres and home, which required her to take out an additional $260,000 mortgage. Scholz used the combined proceeds of the two sales to Lundstrom to pay off a $523,000 premarital debt he owed to the Small Business Administration (SBA). Lundstrom did not repay the promissory note.

¶6 Lundstrom testified at trial that, during the course of the parties' relationship but also prior to their marriage, she loaned Scholz $5,000 per month for over two years to enable him to make payments on the SBA loan. Lundstrom loaned Scholz a total of $216,500, of which he repaid her only $65,000 at the time she purchased the home from him.

¶7 The District Court agreed with Lundstrom that she owes nothing to Scholz. The court found that Scholz was unable to convey clear title to the 77-acre parcel until Lundstrom purchased the additional seven-acre parcel of property, thereby supplying additional cash with which to pay off Scholz's obligation and incurring additional debt in

3

the process. The court found it would be a "gross inequity" to require Lundstrom to pay the note when her money was used to pay Scholz's premarital debt in order to obtain clear title to the property.

¶8 Scholz argues the District Court misunderstood the parties' premarital real estate transactions. He claims the evidence shows the SBA loan was paid by Scholz from the funds Lundstrom paid him for her purchases of the property. He argues the court gave Lundstrom a "windfall" by allowing her to retain both properties and be relieved of the debt. Lundstrom argues the circumstances of this case support the District Court's distribution of property and debt, and that on balance, extinguishing the debt owed under the promissory note was within the court's broad discretion to apportion the marital estate in a manner equitable to each party. Lundstrom points out she assumed responsibility for two mortgages that at the time of trial amounted to $328,000; that she was not repaid for over $150,000 of the loans she made to Scholz; that she paid all the mortgage payments, taxes, insurance, and maintenance on the parties' home during the marriage; that the properties have since lost value; and that she was awarded just under $19,000 in personal property, while Scholz was awarded more than $186,000 in personal property.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provide for noncitable memorandum opinions. A district court is vested with broad discretion to apportion a marital estate in a manner equitable to each party under the circumstances. *In re Marriage of Bartsch*, 2007 MT 136, ¶ 9, 337 Mont. 386, 162 P.3d 72; § 40-4-202, MCA. Our remand in *Lundstrom III* directed the District Court to ensure an "equitable division of the marital estate."

4

*Lundstrom III*, ¶ 28. While he disagrees with the District Court's rationale for extinguishing the promissory note, Scholz has not demonstrated an abuse of discretion in the court's overall distribution of the parties' property and debts. Having reviewed the record and considered all the circumstances of this case in light of the discretion afforded the District Court, we cannot conclude the court's apportionment was inequitable.

¶10 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS